## HAMILTON v. TITUS.

### (Circuit Court, S. D. New York. December 30, 1910.)

1. STATUTES (§ 147*)—REVISION—EFFECT.
   The Minnesota statute imposing a liability on stockholders of certain insolvent corporations, having been substantially re-enacted by Rev. Laws Minn. 1905, was continually kept in force by means of such revision, though the original act was repealed by the general repealing clause contained in the revision.
   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 216; Dec. Dig. § 147.*]

2. CORPORATIONS (§ 274*)—INSOLVENCY—STOCKHOLDERS' LIABILITY—ENFORCEMENT—PROCEEDINGS.
   The Minnesota statute for the enforcement of the liability of stockholders of insolvent corporations provides that the receiver shall give proof before the court as to who are stockholders, and that due notice of a hearing shall be given to the stockholders. A petition to enforce stockholders' liabilities under such statute alleged that the persons named in a schedule attached were the stockholders. The list did not contain defendant's name, and the number of shares stated to belong to the stockholders who were included comprised the entire stock of the corporation. The petition contained another schedule which purported to contain the persons alleged to have been original stockholders and to have transferred their stock to avoid liability, giving the names of the transferees, but defendant's name was not in this list. Defendant's name, however, was included in the list of creditors, and his claim had been proved and allowed in prior bankruptcy proceedings against the corporation. *Held* that, since there was no claim in the receiver's proceedings that defendant was a stockholder at any time, he was entitled to assume that the receiver acquiesced in the validity of proceedings taken four years before for the cancellation of his stock, and hence a decree entered pro confesso against the stockholders named operated as an adjudication that defendant was not a stockholder and barred the receiver from maintaining an action against defendant to recover an assessment.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1162–1168; Dec. Dig. § 274.*]

Action by Charles E. Hamilton, as receiver of the Evans, Johnson, Sloane Company, against Edward H. Titus. Judgment for defendant.

James E. Trask and H. V. Rutherford, for plaintiff.
Henry Smith and Louis W. Severy, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLT, District Judge. This is an action by the receiver of Evans, Johnson, Sloane Company, an insolvent Minnesota corporation, to recover an alleged assessment upon the defendant as a stockholder of said corporation. The corporation was originally organized in 1902, to take over the business of the firm of Evans, Munzer, Pickering & Co. of Minneapolis, Minn. It had a capital stock of $250,000, divided into 2,500 shares of $100 each. In April, 1902, the defendant Titus subscribed for 100 shares. At the time of such subscription, he made an oral agreement with Messrs. Evans and Munzer, members of the firm of Evans, Munzer, Pickering & Co., who were principally interested in the formation of the corporation, that his stock should be redeemed upon demand, within six months. A few days later, after the corporation was organized, the defendant paid to the corporation $10,000 under the subscription, and received a certificate for 100 shares of the stock, and a written agreement signed in the name of the corporation, by its president and treasurer, by which the corporation agreed to redeem the 100 shares at par value, within six months. In July, 1902, Titus demanded that the stock be redeemed, and thereupon the corporation, on July 31, 1902, sent him a draft for $10,182.31, to redeem said stock, with interest. Titus thereupon returned to the corporation his certificate for 100 shares, which was thereupon marked in red ink, "Canceled Aug. 7, 1902," and pasted in the place in the certificate book from which it had been taken. In September, 1905, a petition in bankruptcy was filed against the corporation. In October, 1905, it was adjudged a bankrupt, and trustees were duly appointed. The corporation owed about $250,000; the trustees collected about $66,000, and, after payment of the expenses of the bankruptcy, distributed the balance among the creditors, with the result that the creditors received a dividend of about 20 cents on the dollar.

The Constitution of Minnesota provides that a stockholder in such a corporation shall be liable to an amount equal to the amount of stock held or owned by him. There is a statute of Minnesota which provides, in substance, that this liability may be enforced by the District Court of that state upon the petition of any creditor of the corporation. Upon such petition, the court is required to fix a time for hearing said petition, to provide for giving due notice of such hearing by publication or otherwise, and at such hearing, among other things, to consider such proofs as may be offered to show what parties are or may be liable as stockholders of said corporation, and the nature and extent of such liability. After the administration of the assets of the corporation in bankruptcy, in which proceeding all the available assets of the corporation were distributed, a creditor of the corporation filed his petition in the District Court of Minnesota, asking, in substance, that the court make orders requiring all the creditors of the defendant to come in and prove their claims, levying an assessment upon the stockholders, and appointing a receiver for the purpose of collecting such assessment. The petition alleged that the persons set forth in a certain Schedule A were the owners and holders of the capital stock of the defendant. Such schedule contained a list of persons, stating their names, residences, the number of shares owned by each, and the

par value of such shares. In this schedule the defendant's name was not included. The total number of shares stated in such schedule amounted to the entire number of shares of the capital stock of the corporation. The petition also alleged that certain of said stockholders, after acquiring their said stock, for the purpose of avoiding their liability as owners thereof, made pretended transfers of their stock, as stated in Schedule B. The name of the defendant is not included among the stockholders' names in Schedule B, and there is no allegation in the entire petition that the defendant was ever a stockholder in the company. Upon this petition an order was made, on June 25, 1906, appointing a receiver, directing him to file a bond, which was filed on the succeeding day, and authorizing him to enforce payment of the assessment.

On June 28, 1906, an order was made directing creditors to appear and prove their claims within six months. A copy of said order was served upon the 'defendant, who admittedly was a creditor of the corporation. On July 6, 1906, the receiver filed in said court a petition for an assessment, and in that petition a list of the stockholders is again inserted, which does not include the name of the defendant, and a schedule of stockholders who had transferred their stock with intent to avoid their liability as owners was given, which does not include the defendant's name. The petitioner asked the court to determine the amount of the assessment, and to fix a time for hearing the petition. Thereupon the court fixed September 1, 1906, as the time for the hearing of the petition, and directed that notice of such hearing be given by publication in a Minnesota newspaper and by causing a copy of the order to be mailed to each of the stockholders and creditors of the defendant corporation. Thereupon a notice of such meeting was served by mail upon each of the stockholders and creditors. In the proof of such service the name of the defendant does not appear among the names of the stockholders who were served, but does appear among the names of the creditors who were served. A hearing was duly had on September 1st. One of the stockholders named in the list of stockholders appeared and contested the assessment, and the court ordered an assessment to be levied upon each share of the stock, in an amount equal to the par value of each share. It authorized the receiver, in case any person liable as a stockholder should fail to pay the amount of the assessment within 30 days, to institute such action or other proceeding against such person, in any court having jurisdiction, whether in the state of Minnesota or elsewhere, which said receiver might deem necessary to recover such amount. Pursuant to such authority this action was brought.

The defendant claims that the assessment was void because the statute under which it was levied was repealed before the proceeding to levy the assessment was brought. It appears that the laws of Minnesota were revised, and that all the substantial provisions of the previous statute were re-enacted, and then there was a general repealing clause repealing the previous statute. In my opinion, the provisions of the previous statute were kept in force by the revision, and the District Court had jurisdiction to levy the assessment, and it was

immaterial whether it was stated that it was levied under the original act or under the provisions of such act as re-enacted in the revised statutes.

The defendant claims that he ceased to be a stockholder in August, 1902, when, pursuant to the written contract to redeem the stock, made when he received the stock, the stock was delivered back to the corporation and canceled, and the money which he had paid into the corporation returned to him. The plaintiff claims that the agreement under which the defendant retained the right to have his stock redeemed at the time that it was issued was void as being in fraud of the rights of the other stockholders and creditors of the corporation, and that therefore the defendant remains liable to the assessment in this action. There is weighty authority in support of that proposition; but I think that the question is one upon which the defendant had a right to be heard before the court which levied the assessment, and in respect to which the action of that court is conclusive. The Minnesota statute provides, in substance, that the receiver shall give proof before the court as to who are the stockholders, and that due notice of such hearing shall be given to the stockholders. The petition alleged that the persons named in a certain schedule in the petition were the stockholders. In that list the name of the defendant was not included. The number of shares stated to belong to the stockholders who were included comprised the entire stock of the corporation. The inference, therefore, seems to follow that the stock which the defendant surrendered had been issued again. At all events, if the defendant's name had been included in the list of stockholders, he would have been entitled, upon such notice, to have come before the court and litigated the question whether he was in fact a stockholder. The petition contained a schedule of persons alleged to have been originally stockholders, and to have transferred their stock in order to avoid liability to the assessment, giving the names of the transferees; but the name of the defendant was not included in this list.

In short, the petition contains nothing tending to show that the receiver claimed that the defendant was a stockholder, and does contain allegations tending to show that he was not a stockholder. It is true that a notice of the meeting was sent to the defendant, but it was sent to him apparently in his character as a creditor. He was included in the list of creditors, and the evidence in this case shows that he was in fact a creditor, that he had proved his claim and received a dividend in bankruptcy, and that his claim was allowed in this case. But, there being no claim in the petition that he was a stockholder, he was not called upon by the notice to controvert any such claim. If he had appeared before the Minnesota court, and claimed the right to litigate the question whether he was to be assessed as a stockholder, a conclusive answer would have been that the receiver did not claim that he was a stockholder. No such issue was raised by the petition. I think it entirely clear from the record in the Minnesota court that the receiver had no idea, when that proceeding was brought, of attempting to hold the defendant as a stockholder, and, in my opinion, the claim made in the present suit is an afterthought. At all events, the defendant was not included in the petition as a stockholder, and therefore he

had a right to assume that the receiver acquiesced in the validity of the proceedings taken four years before for the cancellation of his stock, and I cannot see why the decree in the Minnesota court is not an adjudication that he was not a stockholder. The petition gave what purported to be the names of all the stockholders owning all the stock. Due notice of the hearing was given. One stockholder, Sloane, appeared and defended. As to the others, the decree was, in substance, a decree pro confesso, and it seems to me that its effect was to establish that the persons named in the petition were stockholders of the corporation, that no one else was a stockholder, that consequently the defendant was not a stockholder, and that therefore the question whether he should be held to be a stockholder is not open for determination in this suit.

It is also claimed that the defendant is not liable in this case because none of the existing creditors of the corporation were such in August, 1902, when it is claimed that the defendant ceased to be a stockholder. The Minnesota authorities seem to establish that the liability imposed by the Constitution and laws of Minnesota upon stockholders to such an assessment is a liability for the benefit of creditors, and that no such liability can be imposed upon a person who has ceased to be a stockholder, except in respect to creditors who were such when he held the stock. The validity of this defense depends upon the original question whether the defendant did cease to be a stockholder in 1902, and I have already shown that the litigation of that question in this case is, in my opinion, foreclosed by the proceedings in the suit in Minnesota brought to levy the assessment.

In view of these considerations, I think there should be a verdict in this case for the defendant, and I so direct.